IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CHRISTINA MARIE SORENSEN, | )<br>) |
| Plaintiff, | ) No. 14 cv 55 EJM<br>) |
| vs. | )<br>) ORDER |
| CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits and supplemental security income benefits. Briefing concluded October 7, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff claims the Administrative Law Judge's (ALJ) ruling (1) improperly weighted plaintiff's anxiety disorder, (2) constitutes failure to give proper controlling weight to the medical opinion of the treating psychiatrist, (3) improperly evaluated her subjective allegations, and (4) relied upon Vocational Expert (VE) testimony based on an incomplete hypothetical question. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than

merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

Plaintiff asserts that the ALJ committed reversible error by not listing her anxiety disorder as one of her severe impairments. The ALJ did find other severe impairments, and thus did not stop the sequential evaluation process at the second step. Bowen v. Yuckert, 482 U.S. 137, 146n.5, 156 (1987)(failure to find a particular impairment severe at step two is not reversible error as long as ALJ finds that at least one other impairment is severe.") Further, the ALJ did consider and refer to plaintiff's anxiety. (Tr. 22, 23, 24, 25.) However, he found other medical evidence in the record to discount the severity of this disorder. (Tr. 23-27.) There was also medical evidence that treatment and medication stabilized her symptoms (Tr. 22, 26.) Plaintiff has not met her burden of proving reversible error here. Buckner v. Astrue, 646 F.3d 549 (8th Cir. 2011.)

Plaintiff next asserts that the ALJ failed to give proper, controlling weight to the opinion of the treating psychiatrist in the determination of the Residual Functional Capacity (RFC.) The determination of RFC is an administrative assessment that the ALJ determines upon consideration of all the evidence in the record, not just the treating psychiatrist's opinion. 20 C.F.R. §§404.1527(e)(2),

416.927 (e)(2).  Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007)("ALJ's RFC is not limited to medical evidence exclusively".)

The ALJ was within his prerogative to give "limited" weight to the medical opinion of treating psychiatrist Dr. Rahim in setting the RFC because it was not consistent with either Dr. Rahim's own records or with the record as a whole.  *Seven* uncontradicted mental examinations, beginning on September 1, 2010, reveal an RFC more consistent with what the ALJ held than with Dr. Rahim. (Tr. 396.)  See also mental examination by Dr. Iqbal on August 24, 2011 (Tr. 404) and mental examinations by Dr. Rahim himself on August 27, 2011, (Tr. 431), October 2011 (Tr. 408), November 2011 (Tr. 443), March 2012 and April 2012 (Tr. 491.)  Lastly, Dr. Rahim based his opinion on plaintiff's self-reported assessment, which the ALJ did not believe, not upon independently developed criteria.  If the factual foundation for Dr. Rahim's medical opinion is not accepted, then the result of the medical opinion will not be accepted. 20 C.F.R.§§404.1527(c)(3); Gates v. Astrue, 627 F.3d 1080, 1082 (8th Cir. 2010.)  The record taken as a whole supports the ALJ giving limited weight to the opinion of Dr. Rahim in setting the RFC.

Plaintiff next asserts that the ALJ committed error by questioning plaintiff's credibility.  Questioning plaintiff's credibility, especially as to subjective self-reported symptoms, and when supported by objective evidence in the record, is within the prerogative of the ALJ to evaluate the credibility of the plaintiff's

subjective self-evaluation, Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003); Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003)("If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, the Court should defer to the ALJ's credibility determination.")

Lastly, Plaintiff asserts that the hypothetical question upon which the VE based his opinion was incomplete. The alleged incompleteness was the above alleged failures concerning weight of her anxiety, Dr. Rahim's opinion, and her own self-reports. These have been dealt with above, and the ALJ's determinations are supported by the record.

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

October 15, 2014

                                    Edward J. McManus, Judge
                                  UNITED STATES DISTRICT COURT